

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CRESTVIEW GENETICS, LLC,  §
                         §
        Plaintiff,       §
                         §
VS.                      §    NO. 4:16-CV-295-A
                         §
CHRIS YOUNG, ET AL.,     §
                         §
        Defendants.      §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to dismiss plaintiff's
amended complaint for lack of personal jurisdiction, improper
venue, and failure to state a claim upon which relief may be
granted, and the motion to transfer venue, filed in the above-
captioned action by defendants, Chris Young ("Young"), and
Overbrook Farm, LLC ("Overbrook"). Plaintiff, Crestview Genetics,
LLC, filed a response and defendants filed a reply. Having
considered all of the parties' filings and the applicable
authorities, the court concludes that the motions should be
denied.

I.

Background

Plaintiff is engaged in genetic cloning. Overbrook is
engaged in thoroughbred breeding. Young is a manager of
Overbrook.

Plaintiff and defendants dispute whether or not an agreement was reached to clone the thoroughbred horse, Storm Cat. Starting in 2010, plaintiff and defendants began a discussion about cloning Storm Cat. Plaintiff claims that an oral agreement was reached to clone Storm Cat. Defendants sent Storm Cat's genetic material to plaintiff. Plaintiff was successful in cloning Storm Cat. Defendants claim no agreement was reached to clone Storm Cat.

Plaintiff seeks a declaratory judgment that an agreement to clone Storm Cat was reached between the parties and to establish the rights of the parties pursuant to such agreement. In addition, plaintiff asserts causes of action for anticipatory breach of contract, promissory estoppel, quantum meruit and requests attorneys' fees.

II.

## Motion to Dismiss for Lack of Personal Jurisdiction

Defendants argue that the above-captioned action should be dismissed for lack of personal jurisdiction. Young is a resident and citizen of Kentucky. Doc. 21 at Ex. A at 2; Doc. 29 at 5. Overbrook is a limited liability company whose members are citizens of Kentucky and Connecticut. Doc. 29 at 3-5. Defendants argue that they have not conducted business in Texas. Doc. 21 at 7-8. In regards to sending Storm Cat's genetic materials to

Texas, defendants claim this was not for the purpose of cloning but for the purpose of storage, testing, and/or for such material to be held "in trust." Doc. 21 at 4 & 13-14.

Plaintiff argues that defendants have subjected themselves to personal jurisdiction in Texas by entering into an agreement with a Texas resident performance of which would, and did, occur in Texas. Doc. 24 at 6. Furthermore, plaintiff asserts that defendants made direct, voluntary contact with Texas by sending Storm Cat's genetic material to Texas for cloning purposes. Doc. 24 at 6.

A.   Law Applicable to Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; at this stage,[1] prima facie evidence of personal jurisdiction is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing

---

[1] Eventually, plaintiff must prove by a preponderance of the evidence that jurisdiction exists. See DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendants' affidavits. Wyatt, 686 F.2d at 282-83 n.13 (citing Black v. Acme Mkts., Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due

process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's

---

[2] See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990).

purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe Co. v. State of Wash., Office of Unemployment and Compensation Placement, 326 U.S. 310, 316 (1945). Once the plaintiff establishes the existence of minimum contacts, the defendant then has the burden to show that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

B.   Application of Law to Facts

As defendants point out, it is well established that "[t]he unilateral activities of those who claim some relationship with a

6

nonresident defendant cannot satisfy the requirement of contact with the forum State." <u>Patterson v. Dietze, Inc.</u>, 764 F.2d 1145, 1147 (5th Cir. 1985) (quotations omitted). However, the relationship in this action is not unilateral. Defendants affirmatively sent Storm Cat's genetic materials to plaintiff in Texas. This is enough for plaintiff to establish a prima facie case of personal jurisdiction as to defendants. Regardless of the purpose for sending such genetic materials, defendants have not shown the court that exercising jurisdiction over them in this action would offend the notions of fair play and substantial justice.

### III.

### Motion to Dismiss for Improper Venue

Defendants argue that this court is an improper venue to litigate this dispute because they allege they have not conducted business in Texas. Doc. 21 at 9-10. Plaintiff argues that defendants waived the right to assert that this court is an improper venue by the filing of a notice of removal in this court and that, in any event, venue is proper in this court. Doc. 24 at 4-5.

Defendants argue that venue is to be determined pursuant to 28 U.S.C. § 1391(a) and that venue is not proper in this court because neither defendant resides in Texas, nor did a substantial

7

part of the events giving rise to plaintiff's claims occur here, nor is a substantial part of the property that is subject to the action situated here. Doc. 21 at 6. As the United States Supreme Court has explained, however, § 1391 has no application to a removed action. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953). Venue of removed actions is governed by 28 U.S.C. § 1441(a). Id. Accordingly, venue is proper in the Fort Worth Division of the United States District Court for the Northern District of Texas, which is the district and division embracing the place where the action was pending at the time of removal. 28 U.S.C. § 1441(a); Addison v. North Carolina Dep't of Crime, 851 F. Supp. 214, 218 (M.D.N.C. 1994). In addition, defendants sent Storm Cat's genetic materials to plaintiff in Texas and Storm Cat was cloned in Texas. Thus, venue is proper even under § 1391.

IV.

## Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim

A.   Law Applicable to Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

8

notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings. See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to
relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. Id. In other words, where the facts pleaded do no
more than permit the court to infer the possibility of
misconduct, the complaint has not shown that the pleader is
entitled to relief. Id. at 679. "Determining whether a complaint

9

states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

B.    Application of Law to Facts

Having considered the motion, the complaint, and applicable authorities, the court finds that plaintiff has stated a claim upon which relief may be granted against defendants. Thus, the motion to dismiss for failure to state a claim must be denied.

V.

Motion to Transfer Venue

Defendants argue they are entitled to a transfer of venue to either the Eastern District of Kentucky or the Southern District Florida. Doc. 6 at 2. They argue that Young is a Kentucky resident and Overbrook's principal place of business is Kentucky. Doc. 6 at 2 & 4. They assert that all of defendants' records and employees, as well as, the veterinarians and research associates that worked with and took Storm Cat's tissue samples are located in Kentucky. Doc. 6 at 4 & 6-7. Storm Cat lived and died in Kentucky. Doc. 6 at 6. The majority of communication on the part of defendants took place in Kentucky. Doc. 6 at 7-8. Defendants argue that they never sent representatives to Texas or attempted to market a product in Texas. Doc. 6 at 7-8. Defendants maintain that no agreement was reached, and that the only possible place

10

an agreement could have been reached was Florida because that is
the only place the parties met in person to discuss cloning Storm
Cat. Doc. 6 at 8.

Plaintiff contends that an agreement was reached and this
court is the proper venue. Doc. 15 at 1. Plaintiff's principal
place of business is in Fort Worth, Texas. Doc. 15 at 4.
Plaintiff argues that the majority of plaintiff's communications
with defendants originated in Fort Worth, Texas. Doc. 15 at 4. In
addition, Storm Cat's genetic specimen was sent to Texas and
Storm Cat was cloned in Texas. Doc. 15 at 2. Furthermore, all of
plaintiff's records are allegedly located in Texas. Doc. 15 at 2-
3.

A.   Transfer of Venue Principles

The motion to transfer venue is based on the provisions of
28 U.S.C. § 1404(a), which provides, in pertinent part, that
"[f]or the convenience of parties and witnesses, in the interest
of justice, a district court may transfer any civil action to any
other district . . . where it might have been brought . . . ."
The burden rests on defendants to show that venue should be
changed. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir.
1966). To prevail on the motion to transfer, defendants must
clearly demonstrate that the requested transfer is for the
convenience of the parties and witnesses, and in the interest of

justice. *In Re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)(en banc).

The court takes into consideration both private and public interest factors in determining if a transfer of venue is appropriate. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are: (1) administrative difficulties flowing from court congestion, (2) local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflicts of law or the application of foreign law. *Id.*

B.    Application of Law to Facts

The public and private interest factors either weigh in favor of keeping the above-captioned action in this venue or are neutral. There has been no showing that the interests of justice would be served by causing plaintiff to be inconvenienced by litigation in Kentucky or Florida rather than to permit defendants to be inconvenienced by litigation in Texas. There is no indication that defendants would have to bring more witnesses

12

to Texas if the action remains here than plaintiff would have to
transport to Kentucky or Florida if the action were to be moved
there. As to a transfer to Florida, where defendants contend is
the only place that an agreement could have been reached, it
appears that such transfer would be inconvenient for both
plaintiff and defendants. Thus, defendants have not met their
burden to demonstrate why the venue should be changed. See
Manning, 366 F.2d at 698.

VI.

Order

Therefore, for the reasons given above,

The court ORDERS that defendants' motion to dismiss be, and
is hereby, denied.

The court ORDERS that defendants' motion to transfer venue
be, and is hereby, denied.

SIGNED July 27, 2016.

_____
JOHN MCBRYDE
United States District Judge

13